IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                               Case No. 13-60112-JWB

SCOTT ALLEN ZAHRADNIK,

          Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. §3582. (Doc. 80.) Defendant filed a document denominated as a "Supplement" to his motion, (Doc. 82)[1], and the government filed a response. (Doc. 83.) No reply has been filed, and the time for doing so has expired. For the reasons stated below, the motion to reduce sentence is DISMISSED for lack of jurisdiction.

**I. Facts and Procedural History**

On March 30, 2011, Defendant pled guilty to a single count of failure to register in violation of 18 U.S.C. § 2250(a). He was sentenced to 27 months imprisonment, followed by five years of supervised release. His first term of supervised release began on December 14, 2012. In December

---

[1] Although denominated in the record as a "Supplement" to Defendant's motion at Doc. 80, it is not entirely clear whether that was Defendant's intent as the filing at Doc. 82 does not mention compassionate release or the motion at Doc. 80. Instead, Doc. 82 asks the court to revisit the revocation judgment (Doc. 78) and reduce his sentence to time served. "[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Absent the operation of one of a few narrowly-defined statutory exceptions, therefore, federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *United States v. Castenada-Ulloa*, 818 F. App'x 813, 815 (10th Cir. June 23, 2020) (internal quotes and citations omitted). Defendant points to no authority allowing the court to revisit his sentence. *See, e.g.,* 18 U.S.C. § 3582(c); Fed. R. Cr. P. 35(a); *see generally* 18 U.S.C. 3742. Accordingly, to the extent Doc. 82 was intended as a separate motion, it is denied.

2013 jurisdiction over his supervised release was transferred to the District of Kansas. On September 5, 2018, Defendant's supervised release was revoked and he was sentenced to a year and a day in custody to be followed by two years of supervised release. Thereafter, on March 2, 2020, Defendant's supervised release was once again revoked. He was sentenced to 24 months imprisonment followed by four years supervised release. He has currently served a little over half of that custody sentence, with a projected release date of August 17, 2021. Defendant is 47 years old. (Docs. 1, 46, 78, 80 at 1, 83 at 2.)

On November 25, 2020, Defendant filed his *pro se* motion for release, which argues his sentence should be reduced because of his concerns regarding the risk of contracting COVID-19 and his desire to help his ailing sister. (Doc. 80 at 1.) Defendant is incarcerated at Pekin FCI, which currently reports 102 active COVID-19 cases among inmates and 11 active cases among staff. FED. BUREAU OF PRISONS, COVID-19 CORONAVIRUS: COVID-19 CASES, https://www.bop.gov/coronavirus (last visited Jan. 11, 2021). It also reports no prior inmate deaths, 699 inmate recoveries, and 56 staff recoveries from COVID-19. *Id.* Pekin FCI is a medium-security institution with 1,124 inmates at the FCI and associated camp. The government opposes Defendant's motion, arguing Defendant's concerns over COVID-19 alone are insufficient to justify release, and that Defendant failed to show that he is the only person available to care for his sister. (Doc. 83 at 4-6.)

**II. Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file

a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan.

Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

### III. Analysis

Defendant has failed to satisfy the exhaustion requirement. Nothing in his motion or the supplement indicates that he made any effort to exhaust his administrative remedies seeking compassionate release as required under 18 U.S.C. § 3582(c)(1)(a). The court is thus without jurisdiction to consider Defendant's motion. *See United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. July 15, 2020) ("Contrary to Springer's argument, he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1 (D. Kan. Dec. 4, 2020).

### IV. Conclusion

Based on the foregoing, Defendant's motion for sentence reduction under § 3582 (Doc. 80) is DISMISSED for lack of jurisdiction. IT IS SO ORDERED this 15th day of January, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE